IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JEFFREY L. SMITH,
    Plaintiff,

v.

                          Case No. 1:24-cv-01152-JEH

JON WEBB *et al.*,
    Defendants.

### Order

Before the Court for screening is a Complaint (Doc. 1) filed by Plaintiff Jeffrey L. Smith, a resident of Astoria, Illinois. Plaintiff also filed a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 3) and a Motion for Counsel (Doc. 4).

The Court denies Plaintiff's Motion for Counsel and concludes Plaintiff's pleading fails to state a claim for relief. Plaintiff has thirty days to file an amended complaint and a revised IFP Petition.

### I.

### A.

Plaintiff's Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a

1

claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B.

Plaintiff alleges constitutional violations committed in Fulton County, Illinois, against Sheriff Jon Webb, retired Sheriff Jeff Standard, and Deputy Sheriff Ryan Maride.

Plaintiff alleges that on August 16, 2022, Defendants Maride and Standard "stood by" as Franklin Merril, who Plaintiff claims was impersonating a Lewistown Police Department officer, falsely arrested him. (Pl. Compl. Doc. 1 at 2-3.) Plaintiff was charged with assault, resisting arrest, and several other criminal and traffic infractions, but it is unclear the specific offenses charged following his August 16, 2022, arrest. (*Id.* at 5.) Plaintiff acknowledges the charges remained pending at the time he filed his pleading. (*Id.*)

Plaintiff also claims Defendant Webb would not provide or pay for his mental health and other undisclosed medications (*Id.* at 2), and Defendant Maride knew Plaintiff had a mental illness but did nothing when "corrections staff" denied his medication, Aripiprazole, used to treat schizophrenia. (*Id.* at 3.)

### C.

To succeed on a claim for failure to intervene, a plaintiff must demonstrate that the defendant "(1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it." *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). However, a failure to intervene claim "depend[s] on proof of an underlying constitutional violation." *Coleman v. City of Peoria*, 925 F.3d 366, 351 (7th Cir. 2019).

Plaintiff claims that Defendants Maride and Standard failed to intervene when Frank Merrill, who Plaintiff asserts was impersonating a Lewistown Police Department officer, arrested him on August 16, 2022. *See Gagnon v. Ball*, 696 F.2d

17, 21 (2d Cir. 1982) (officer liable for failing to intervene in false arrest).

However, the Illinois Law Enforcement Training and Standard Board

("ILETSB"), which is statutorily mandated to oversee the training and

certification standards for law enforcement and corrections officers, lists that

Frank Merrill was a certified law enforcement officer of the Lewistown Police

Department from June 2016 through May 2023. *See* ILETSB Officer Lookup,

https://www.ptb.illinois.gov/resources/officer-lookup (last visited December

12, 2024); s*ee also* Illinois Police Training Act, 50 ILCS 705/1 *et seq.*

Thus, because the underlying basis for Plaintiff's failure to intervene claim

is incorrect, he fails to state a claim against Maride and Standard. *See Coleman*,

925 F.3d at 351 (holding that the plaintiff's failure to intervene claim failed as a

matter of law because he did not present evidence supporting an underlying

violation).

In *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), the Seventh

Circuit held that "the controlling inquiry for assessing a due process challenge to

a pretrial detainee's medical care proceeds in two steps." *McCann v. Ogle County*,

909 F.3d 881, 886 (7th Cir. 2018). "The first step, which focuses on the

intentionality of the individual defendant's conduct, remains unchanged and

'asks whether the medical defendants acted purposefully, knowingly, or perhaps

even recklessly when they considered the consequences of their handling of

[plaintiff's] case.'" *Id.* (quoting *Miranda*, 900 F.3d at 353); *see also Pittman by and

through Hamilton v. Madison Cnty., Illinois*, 108 F.4th 561, 570 (7th Cir. 2024) ("This

framing asks strictly whether the defendant intended to commit the physical act

that caused the alleged injury.").

"At the second step, . . . [courts] ask whether the challenged conduct was

objectively reasonable." *Id*. "This standard requires courts to focus on the totality

of facts and circumstances faced by the individual alleged to have provided

3

inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*; *see also Pittman*, 108 F.4th at 570 ("[T]he proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care.).

Plaintiff's sparse account does not state a plausible claim for relief under the mentioned standard. Initially, the Court notes Plaintiff does not claim Defendant Maride was personally involved in denying medication. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."). Instead, Plaintiff asserts that Maride knew but took no action when corrections staff denied him medication to treat his mental health condition. *See Pittman*, 108 F.4th at 570 ("[I]n cases of inaction … we have concluded that [the] first inquiry requires proof only that a defendant made an intentional decision about the plaintiff's conditions.").

Even if the Court could conclude that Defendant Maride's inaction was intentional, Plaintiff provides no facts that describe the underlying circumstances that establish or permit the inference that a reasonable officer would have understood the risks to Plaintiff given the same circumstances Maride faced when the staff denied medication. In other words, Plaintiff provides no facts to deduce that Maride's inaction was intentional and objectively unreasonable.

Similarly, Plaintiff's assertion that Defendant Webb violated his rights by failing to provide or pay for his mental health medications and other undisclosed medications, without more, fails to state a plausible Fourteenth Amendment claim.

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of

4

action, the Court grants him thirty days from the date of the Court's Order to file a motion for leave to file an amended complaint. *See Crestview Vill. Apartments v. U.S. Dep't of Hous. and Urban Dev.*, 383 F.3d 552, 557 (7th Cir. 2004) ("[A]n order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right.")).

If Plaintiff decides to file an amended complaint, the amendment must be attached to his motion for leave. The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial complaint and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

## II.

### A.

In his IFP petition (Doc. 3), Plaintiff asserts that he receives social security disability benefits but does not state the monthly amounts received or whether

his stated annual income of $14,136 includes other sources of revenue. Plaintiff also claims to live in a home and possesses a vehicle valued at $10,000 and $8,000, respectively, but only lists three monthly expenses (cell phone, electric, and loan payment), which total $644. Plaintiff also does not state whether he lives alone or shares the dwelling with others who contribute to his expenses.

Therefore, the Court denies Plaintiff's IFP petition (Doc. 3) and directs Plaintiff to resubmit it within thirty days of the entry of the Court Order. Plaintiff's revised IFP petition should disclose each source of income and the monthly amount received. Plaintiff should also outline all his monthly debts. Any anticipated future income or debts should also be included. Failure to comply will result in dismissal of Plaintiff's complaint. The Clerk of the Court is directed to send Plaintiff the Court's IFP application form.

## B.

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made

a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's motion for recruitment of counsel (Doc. 4) is denied because he has not satisfied his threshold burden of demonstrating he attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

### III.

In light of the foregoing, the Court Orders as follows:

1) Plaintiff's IFP Petition (Doc. 3) and Motion for Counsel (Doc. 4) are DENIED for the reasons stated.

2) The Clerk of the Court is DIRECTED to send Plaintiff the Court's IFP application form.

3) Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.

4) Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment and an IFP Petition on or before the thirty-day deadline, the Court will dismiss Plaintiff's case.

*It is so ordered.*

Entered: December 16, 2024

s/Jonathan E. Hawley
U.S. District Judge